## FLANDERS *v.* WHITE MOUNTAINS BANK.

Where a writ is amended by striking out the name of a defendant, the plaintiff may recover against the others upon the cause of action originally declared upon.

A judgment will not be reversed because it may be erroneous.

Error does not lie, where the party could have taken an exception for the same cause, and had a summary decision under the statute.

IN ERROR. It appears by the record and by the facts argued by the parties, that the action was against three persons. The plaintiff was unable to prove the signature of one of the three signers of the note which he offered in support of his declaration. He then moved that the name of this signer should be struck from the declaration. The court allowed the amendment, and the defendants, now the plaintiffs in error, excepted. Judgment was rendered against the other two defendants.

The assignment of errors alleges that the J. W. Flanders, whose name was struck out of the writ, when the said writ was served and ever since, was and has been, a resident in the county of Coös, and said writ was duly served on him, as appears by the officer's return thereon; and the said J. W. appeared and answered to the action by his attorney (and these facts were admitted); and assigns for errors:

1. That on said joint and several note, the foundation of the action, the court rendered a judgment against two of the makers, while the note was in fact made by the three original defendants:

2. That judgment should have been rendered against the defendants in error, in favor of the three original defendants.

*Heywood,* and *Ray,* for the plaintiff.

*G. C. Williams,* for the defendants.

BELL, C. J. Exception was taken to the order of court allowing the amendment of the declaration, by striking out the name of one of the defendants; but no exception was taken to the rendition of the judgment against two only of the defendants.

The power of the court to order the amendment under the statute is clear. "In all actions, where there are two or more defendants, the plaintiff may amend the writ, before the evidence is closed, by

striking out the names of one or more of the defendants, on paying them their costs up to that time." Rev. Stat., ch. 186, sec. 19.

To give effect to this statute, it must, we think, be held, that the plaintiff may recover against the remaining defendants, upon the same cause of action originally declared upon.

In *Peebles* v. *Rand*, 43 N. H. 337, it was held, that it will not be presumed that a judgment was improperly rendered against one or more of several defendants, since there are cases even at common law where such a judgment would be proper; and that where a party was present in court, when a judgment was wrongfully rendered against him, and had opportunity to correct the error by exception, according to the course prescribed by the statute of 1855, and he neglected to take his exception, he is held to have waived it, and can not maintain a writ of error. That decision is conclusive in this case; and judgment must be entered for the defendants.